IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, MICHAEL LOIACONO and MICHAEL O. McKOWN as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN, 2121 K Street, N.W. Washington, DC 20037<br><br>Plaintiffs,<br>v.<br>HOMER CITY COAL PROCESSING CORPORATION 333 Technology Dr Ste 260 Canonsburg, PA 15317<br><br>C L I CORPORATION 333 Technology Dr Ste 260 Canonsburg, PA 15317<br><br>CLI TECH CORPORATION 430 Park West One Pittsburgh, PA 15275<br><br>CLI-USA, INC. 333 Technology Dr Ste 260 Canonsburg, PA 15317<br><br>CLIMAXX EQUIPMENT COMPANY 430 Park West One Pittsburgh, PA 15275<br><br>FAWN MINING CORPORATION 430 Park West One Pittsburgh, PA 15275<br><br>FAWN PROCESSING CORPORATION 430 Park West One Pittsburgh, PA 15275<br><br>CENTRAL CONTINENTAL OPERATING CORPORATION | Civil Action No. |

430 Park West One
Pittsburgh, PA 15275

NORTHERN CONTINENTAL OPERATING
CO., INC.
333 Technology Dr. Ste 260
Canonsburg, PA 15317

NORTHERN ALABAMA OPERATING
COMPANY, INC.
County Rd. 81
Flat Rock, AL 35966

CLAY COUNTY COAL PROCESSING
CORPORATION
430 Park West One
Pittsburgh, PA 15275

Defendants.

## COMPLAINT FOR COLLECTION OF
## EMPLOYER WITHDRAWAL LIABILITY

Plaintiffs Michael H. Holland, Micheal W. Buckner, Michael Loiacono and Michael McKown, as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Plan ("1974 Plan" or "Pension Plan"), Plaintiffs, by their undersigned counsel, for their Complaint allege, upon knowledge with respect to themselves and their actions and upon information and belief with respect to all other matters, as follows:

### Jurisdiction and Venue

1.      This is an action for declaratory and injunctive relief, and for collection of delinquent withdrawal liability payments, damages, and interest thereon incurred as the result of a withdrawal by an employer from a multiemployer pension plan.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29

2

U.S.C. §§ 1001-1461 (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## Parties

4. Plaintiffs Michael H. Holland, Micheal W. Buckner, Michael Loiacono, and Michael McKown are Trustees of the UMWA 1974 Pension Plan. The Trustees administer the Pension Plan at 2121 K Street, N.W., Washington, D.C. 20037. The Trustees are fiduciaries with respect to the Pension Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are collectively the plan sponsor of the Pension Plan within the meaning of Sections 3(16)(b)(iii) and 4001(a)(10)(A) of ERISA, 29 U.S.C. §§ 1002(16)(b)(iii) and 1301(a)(10)(A). The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b). The Pension Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Defendants Homer City Coal Processing Corporation ("Homer City"), CLI Corporation ("CLI Corp."), Fawn Mining Corporation ("Fawn Mining"), Fawn Processing Corporation ("Fawn Processing"), Northern Continental Operating Co., Inc. ("NCOC"), Central Continental Operating Company ("CCOC"), and Clay County Coal Processing Corporation ("Clay") (together "Signatory Defendants"), are Pennsylvania corporations and were engaged in the business of acquiring, producing, and/or cleaning coal and/or maintaining mine sites.

6. The Signatory Defendants were parties to various collective bargaining agreements called the National Bituminous Coal Wage Agreements "NBCWAs". Defendant

Homer City, under the Homer City name and its prior name, Iselin Preparation Company, was a party to the (NBCWAs) of 1974, 1978, 1981, 1984, 1988, 1993, 1998, 2002, 2007 and 2011 (collectively the "Agreements").

7. Pursuant to their obligations under the terms of the Agreements, the Signatory Defendants participated in the Pension Plan. They were obligated to and did make contributions to the Pension Plan based on hours worked by their employees in work covered under the Agreements. Defendant Homer City was the last of the Signatory Defendants to permanently cease all covered operations on or about March 31, 2016. As a result of the cessation of covered operations, the Signatory Defendants withdrew from the Pension Plan in a complete withdrawal, as that term is defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

8. Defendants CLI Tech Corporation ("CLI-Tech"), CLI-USA, Inc. ("CLI-USA"), and Climaxx Equipment Company, Inc. ("Climaxx") are Pennsylvania corporations.

9. Defendant Northern Alabama Operating Company, Inc. ("NAOC") is an Alabama corporation.

10. Plaintiffs allege upon information and belief that all Defendants were under "common control" on March 31, 2016, the date of Homer City's withdrawal, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and regulations promulgated thereunder, 29 C.F.R. Part 2612. As such, all defendants are a single employer for withdrawal liability purposes, and therefore jointly and severally liable for the withdrawal liability. Defendants are collectively referred to herein as the "Employer."

11. As a result of its complete withdrawal from the Pension Plan, the Employer incurred withdrawal liability to the Pension Plan in the amount of $13,413,687.32, determined under Section 4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

12. Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, Plaintiffs notified the Employer of its withdrawal liability by letter dated March 5, 2019, attached. Plaintiffs demanded withdrawal liability in the amount of $13,413,687.32, explained how the withdrawal liability was calculated, explained the right to request review and the right to request arbitration, and offered the Employer the option of discharging its liability in monthly payments or paying its withdrawal liability in one lump sum, and included the Pension Plan's rules of default. The letter notified the Employer that if it chose monthly payments, the first payment of $32,680.08 was due on May 15, 2019.

13. The Employer has failed to make any withdrawal liability payments to the Pension Plan. In addition, the Employer has not requested review of any specific matter relating to the determination of the Employer's liability and schedule of payments, nor identified any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the Employer, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

14. Plaintiffs, by letter dated May 28, 2019, demanded payment of all past due withdrawal liability payments, plus interest, no later than July 24, 2019. Plaintiffs advised the Employer that unless payment was made by that date, the entire withdrawal liability of $13,413,687.32 to the 1974 Plan would become due and payable without further demand.

## Count I Withdrawal Liability Payments

15. The Employer has failed to make the withdrawal liability and interest payments demanded by Plaintiffs. Accordingly, the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

16. The failure of the Employer to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the Pension Plan to sustain loss of investment income and has further caused the Pension Plan to incur administrative and legal expenses.

17. The Employer has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury. Plaintiffs are without an adequate remedy at law.

## Count II Request for Information

All paragraphs above are incorporated and repeated as if fully set forth herein.

18. The letter sent March 5, 2019 by the Pension Plan to the Employer included a Request for Information under Section 4219(a) of ERISA, 29 U.S.C. § 1399(a) concerning ownership and financial relationships involving Homer City Coal Processing Corporation. The Employer received this Request for Information but did not respond. As the Employer was informed in the Request for Information, "Failure to furnish this information within 30 days constitutes a default under the Plan's default rules."

19. The Employer's failure to respond to the Pension Plan's Request for Information in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a), hindered the Pension Plan's efforts to identify and understand the ownership relationships giving rise to controlled group liability.

20. The Employer's failure to respond to the Pension Plan's Request for Information in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a) hindered the Pension Plan's efforts to confirm the Employer's permanent cessation of covered operations and to identify a date of withdrawal.

21. The Employer's failure to respond to the Pension Plan's Request for Information is an independent basis on which the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

22. The Employer has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury. Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray that judgment be entered in their favor:

(a) Directing the Defendants to immediately, fully and completely answer the Request for Information in the letter of March 5, 2019;

(b) Declaring that the Employer has completely withdrawn from the Pension Plan;

(c) Declaring that all Defendants were under common control on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(B)(1), and hence are a single employer for withdrawal liability purposes;

(d) Declaring that the amount of the Defendants' withdrawal liability to the Pension Plan is $13,413,687.32;

(e) Declaring that the Defendants are in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and that the entire amount of withdrawal liability set forth in paragraph (d) is due and payable to the 1974 Plan;

(f) Ordering that the Employer pay in full the withdrawal liability as set forth in paragraph (d), plus interest thereon from the date such amount became due, together with liquidated damages pursuant to Sections 502(g)(2), 515 and 4301(b)

of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b), and entering judgment for that amount;

(g) Ordering that the Employer pay Plaintiffs' attorneys' fees and costs, and other disbursements associated with this action pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b), and entering judgment for that amount; and

(h) Ordering such other and further relief as this Court deems appropriate.

Respectfully submitted,

GLENDA S. FINCH
General Counsel
DC Bar #418206


LARRY D. NEWSOME
Associate General Counsel
DC Bar #254763


_____ 6/23/2020
BARBARA E. LOCKLIN
Assistant General Counsel
DC Bar # 420503

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W., Suite 350
Washington, D.C. 20037
Telephone: (202) 521-2238

Attorneys for Plaintiffs

8